No. 623

DENLY, Trustee, v. WHEELER et al

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5089.　Decided June 2, 1924

1271.　WILLS—1. Equivocal words in will construed to prevent intestacy.

2. Words in will, given ordinary construction unless different sense is clearly apparent.

3. "Heirs" comprehends heirs designated by court order.

LEVINE, J.　　　　　　　Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for a construction of a will brought by Denly, trustee, under the will of Caroline Welch, deceased. Caroline Welch died in 1905, five years after the execution of her will. Her nephew, Harry Sprague, had lived with her previous to his marriage, which occurred in 1900. During the life time of Welch one child was born to him, but it only lived a few hours and Welch himself died childless in 1918, leaving his widow surviving him. In 1913 Welch, by proper proceedings in the Probate Court of Ashtabula county, O., caused Fielder Sanders to be designated as his heir under 8598 GC.

The provision of the will which the Court was asked to construe read: "To Harry Sprague the use and income during his natural life of another one-third of such remainder and the use and income of the said one-third

to Elizabeth Sprague . . . and after the death of both . . . the principal sum of said one-third remaining shall go to the heirs of said Harry Sprague."

It was claimed by Ellen Wheeler that the word "heirs" was used by the deceased in the sense of "children," and the devise of the one-third residue of the estate lapsed as to the heirs of Harry Sprague and descended to the heirs of the testatrix. Fielder Sanders claimed that the word "heirs" was used in the technical sense which included designated heirs and therefore, he was entitled to the remaining one-third. An appeal was taken from the decision of the Common Pleas Court, and in rendering a decree for Fielder Sanders, the upper court held.

1. It is a settled rule of construction that a testatrix is never presumed to intend to die intestate, as to any part of her estate to which her action seems to have been directed; and a Court of equity will put such a construction upon equivocal words as to prevent such a result.

2. Words in a will are to be understood according to their ordinary, natural and legal signification unless it is manifest from the context or from other provisions in the will that the testatrix has used them in a different sense and unless the sense in which they were used is clearly apparent.

3. As it is the duty of the court where the words used in the will are equivocal in character, to give the language of the will of the testatrix that construction that will prevent intestacy, the word "heirs" was intended by the testatrix to mean the person or persons appointed by law to succeed to the estate in case of intestacy; therefore the designated heir of Sprague, to-wit, Fielder Sanders, was entitled to one-third of the residue of the estate.